*81 OPINION OF THE COURT
Timothy J. Lawliss, J.
On August 20, 2001, the presentment agent for Clinton County filed a petition alleging that Kevin S. is a juvenile delinquent. Petitioner alleges that on or about July 28, 2001 in Plattsburgh, Clinton County, New York, the respondent committed acts which if committed by an adult would constitute the crime of endangering the welfare of a child. On September 21, 2001, respondent filed a notice of motion seeking the dismissal of the petition upon four grounds, including in the furtherance of justice. On October 1, 2001, the county submitted an affirmation in opposition to respondent’s motion. For the reasons stated below, the court grants the respondent’s motion and dismisses the petition in the furtherance of justice.
Family Court Act § 315.2 (1) permits, as a matter of judicial discretion, the court to dismiss a petition in the furtherance of justice when circumstances demonstrate that continuing the proceeding would result in an injustice. This section requires the court to consider, to the extent applicable, seven specified factors.
The first factor specified is the “seriousness and circumstances of the crime.” (Family Ct Act § 315.2 [1] [a].) It is alleged that two teenage children engaged in consensual sexual intercourse and oral sex. One child was a boy and the other child was a girl. Beyond the obvious risks to both children who engaged in the sexual intercourse and oral sex, the petitioner does not specify any special circumstances surrounding this alleged crime.
The second factor the court must consider is “the extent of the harm caused by the crime.” (Family Ct Act § 315.2 [1] [b].) Again obviously, there are risks to both children associated with consensual sexual acts; however, in response to the respondent’s motion to dismiss, the petitioner did not identify any actual harm caused to either of the children. There was no allegation of pregnancy, transmission of sexual disease, physical or psychological injury.
The third factor the court must consider is “any exceptionally serious misconduct of law enforcement personnel in the investigation and the arrest of the respondent or in the presentment of the petition.” (Family Ct Act § 315.2 [1] [c].) Respondent alleges that he is the victim of selective prosecution, and thus the petitioner has violated his constitutional rights. Respondent alleges that the teenage female participant could be charged in the same manner as the respondent because they are both under the age of 16. Respondent alleges that the reason why he is being prosecuted, and not the teenage female, *82 is that he is the male. The respondent argues that the evidence against the female teenage participant and himself is equally strong.
In response to this argument, the petitioner never denies the allegation that the evidence is equally strong against both the respondent and the female teenager. Furthermore, the petitioner never directly denies that the respondent is being prosecuted solely because he is a male. Indeed, the petitioner’s response only takes exception to the notion that the respondent was a victim and states:
“In fact the witness statement does not support his argument that he was the victim. Cory Laundry’s statement is that the respondent stated that ‘he got a blow job from Desiree’ and that respondent said Tie is going to get another one.’ The statement further characterizes the respondent as, ‘bragging about having sex with Desiree and it being her first time.’ Respondent’s statement to State Police Investigator Kelleher, ‘Yea, I fucked her, so what’ also fails to support any possible perception of the respondent as the victim.” (Crockett affidavit 4, Oct. 1, 2001.)
Although it is unquestionably true that the respondent does not see himself as a victim, his subjective opinion is irrelevant. Obviously, the underlying rationale for the Penal Law is that individuals less than 17 years old do not accurately perceive all the ramifications of engaging in sexual activities and, therefore, regardless of their actual intent to consent, the law presumes that they are unable to consent. The entire rationale of an age to consent is based on the premise that children who engage in sexual intercourse are victimized regardless if they see themselves as a victim.
Furthermore, it is irrational to distinguish between two actors, equally culpable, merely because one brags about the act afterwards and the other does not. In fact, the petitioner did not provide the court with any information regarding the female teenager’s attitude after the commission of the acts. She may be as equally proud of her participation as the respondent is proud of his participation. The court concludes that the petitioner has failed to articulate any rationale basis to distinguish the respondent’s culpability from the female teenager’s culpability.
The fourth factor the court must consider is the “history, character and condition of the respondent.” (Family Ct Act *83 § 315.2 [1] [d].) Neither the petitioner nor the respondent has provided the court with any information in these motion papers related to this factor.
The fifth factor the court must consider is the “needs and best interest of the respondent.” (Family Ct Act § 315.2 [1] [e].) Neither the petitioner nor the respondent has provided the court with any information in these motion papers related to this factor.
The sixth factor the court must consider is “the need for protection of the community.” (Family Ct Act § 315.2 [1] [f].) Consensual teenage sex between minors is hardly unknown in this community. The outcome of this proceeding is not significant to the protection of the community.
The seventh and final factor the court must consider is “any other relevant fact indicating that a finding would serve no useful purpose.” (Family Ct Act § 315.2 [1] [g].) Neither the petitioner nor the respondent identified any other relevant facts that the court should consider when making this motion.
In summary, this court finds that it would be unjust to permit the petitioner to prosecute the male, but not the female, when two teenage children engage in consensual sexual activities, unless the petitioner can articulate a rational reason for the distinction. Since the petitioner has clearly implied that the county has no intent to prosecute the female participant, this court concludes that a dismissal of the petition with prejudice is necessary to avoid an injustice.
Given the court’s decision on the respondent’s motion to dismiss in the furtherance of justice, there is no need for the court to address the other grounds raised by the respondent for dismissal.
Accordingly, it is hereby ordered that the respondent’s motion is hereby granted upon the grounds stated above; and it is further ordered that the petition is hereby dismissed with prejudice.